UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FRANCISCO ROSAS,

    Plaintiff,

v.

HUA PING CHANG dba SHANGRI-LA LIA LIA CORPORATION; SHANGRI-LA LIA LIA CORPORATION; TOM CHANG dba TJK CHANG CORPORATION; TJK CHANG CORPORATION,

    Defendants.

Case No.   5:13-cv-01800 HRL

**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**

**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

[Re:   Dkt. No. 24]

    Plaintiff Francisco Rosas sues for alleged wage and hour violations under federal and state law.[1]  Rosas was a restaurant worker who says that he worked six days per week and more than eight hours per day, but was not paid overtime.  He further claims that defendants failed to maintain proper payroll records.  Rosas now moves for default judgment in the amount of $62,644.92, which sum includes overtime wages plaintiff says he is owed, plus liquidated

---

[1] The complaint asserts six claims for relief:   (1) violation of the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207, 216(b) and 255(a); (2) violation of Cal. Labor Code §§ 510, 1194, and 1197; (3) violation of Cal. Labor Code § 226; (4) waiting time penalties, Cal. Labor Code § 203; (5) violation of Cal. Bus. & Prof. Code § 17200, et seq.; and (6) civil penalties, Cal. Labor Code § 2699, et seq.

damages and penalties.[2] The court held a hearing[3] and then directed plaintiff to submit further briefing. Upon consideration of the moving papers, as well as plaintiff's supplemental filing, the court recommends that plaintiff's motion be granted, with some modification as discussed more fully below.

## BACKGROUND

The following facts are drawn from the uncontested allegations in plaintiff's complaint and his declaration submitted in support of the instant motion.

Rosas worked as a fryer in the kitchen at defendants' Shangri-La Restaurant in Los Gatos, California from about August 3, 1998 until November 30, 2012, when he was let go. (Dkt. 24-1, Rosas Decl. ¶¶ 2, 24, 29). He was supervised by defendant Hua Ping Chang (the owner of the restaurant) and Tom Chang (Hua Ping Chang's son), who eventually took over the restaurant from his father. (Id. ¶¶ 4, 23; Dkt. 1, Complaint ¶¶ 10-11). Plaintiff washed dishes, prepared meat and vegetables, fried food, and cleaned his work area. Occasionally, he was sent to purchase produce. (Rosas Decl. ¶¶ 5-6; Complaint ¶ 9). He did not engage in any supervisory or managerial duties. Nor did his job duties require him to exercise independent discretion and judgment. (Rosas Decl. ¶ 11; Complaint ¶¶ 17-18).

Defendants had no method of tracking Rosas' work hours, and he was never required to punch-in to work or to maintain any records of the hours he worked. (Rosas Decl. ¶¶ 7, 10).

---

[2] There is no indication in the record that plaintiff served defendants with notice of the instant motion for entry of judgment. However, a party in default is not entitled to notice under Fed. R. Civ. P. 55 unless it has appeared, formally or informally, and demonstrated a clear intent to defend the suit. Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."); In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993) ("While it is true that the failure to provide 55(b)(2) notice, if the notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do so, notice is only required where the party has made an appearance.") (quotations and citations omitted); Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 368 (9th Cir. 1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action."). Defendants have never appeared, formally or otherwise, in this case.

[3] Plaintiff's counsel did not appear at the hearing and instead sent another attorney to make a "special appearance" on plaintiff's behalf. That specially appearing attorney had not had any prior involvement in the case.

Plaintiff avers that, to the best of his recollection, throughout his employment he worked six days per week and 9.5 hours per day as follows:  Monday through Saturday, from 10:30 a.m. to 3:00 p.m. and 4:00 p.m. to 9:00 p.m.  (Id. ¶ 9).  During the nearly fifteen years he worked for defendants, he was allowed one week of vacation in 2001 and received $340.00.[4]  But he says that he never took a day off; and, other than the one week of vacation time granted in 2001, he was never given any more vacation days.  (Id. ¶ 18).  Additionally, Rosas was never granted sick days.  He claims that defendants threatened to replace him if he missed a day of work; and, on several occasions, he worked while ill, for fear of losing his job.  (Id. ¶ 19).

During the last years of his employment, defendants paid Rosas approximately $800.00 twice per month.  (Rosas Decl. ¶ 12; Complaint ¶ 12).  The payments were made by check and in cash, i.e., $390.00-$500.00 by check and the remainder in cash, with no tax deductions made for the cash payments.  (Rosas Decl. ¶¶ 12-13, 28; Complaint ¶ 16).  Defendants did not provide plaintiff with paystubs listing his hours or deductions for the cash payments.  (Rosas Decl. ¶ 14; Complaint ¶ 13).  Nor did they pay him overtime for hours worked beyond eight hours in one day or beyond forty hours in a week.  (Rosas Decl. ¶¶ 26-27).

On November 30, 2012, at the end of his shift, plaintiff says that Tom Chang pulled him aside, handed him his last paycheck, and said that there was no more work for him.  (Rosas Decl. ¶¶ 24, 29).

Plaintiff filed the instant lawsuit on April 19, 2013.  Defendants were served with the complaint and summons.  (Dkt. 5-8).  They failed to answer or otherwise respond.  Several months later, at plaintiff's request, the Clerk of the Court entered each defendant's default.  (Dkt. 17-20).  Plaintiff now seeks default judgment against all defendants.

## LEGAL STANDARD

After entry of default, courts may, in their discretion, enter default judgment.  Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In deciding whether to enter

---

[4] Even assuming plaintiff did take those vacation days, they fall well outside the period for which he seeks recovery here.

3

default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

This court directed plaintiff to explain an ambiguity in his allegations as to whether he worked overtime "routinely" or only "occasionally." (Complaint ¶¶ 14-15, 23). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The purpose of this rule is to ensure that a defendant has notice of the damages being sought against him so that he can make an informed decision as to whether or not it is in his best interest to answer. In re Ferrell, 539 F.3d 1186, 1192-92 (9th Cir. 2008). Here, plaintiff's counsel says that any possible inconsistency in the allegations was due entirely to his drafting of the complaint with imperfect information. Plaintiff now avers under penalty of perjury that he always worked overtime. (Rosas Decl. ¶ 9). And, the complaint does allege that defendants "routinely" required plaintiff to work overtime, thereby putting them on notice that plaintiff would seek damages for overtime he says he worked on a daily basis. (Complaint ¶ 23). Accordingly, this court will exercise its discretion to permit plaintiff to seek the damages he claims in the instant motion.

### A. Eitel Factors

The Eitel factors favor entry of default judgment. Upon review of the complaint, the court

4

finds that plaintiff has adequately pled each of his claims for relief. The sum of money at stake in the action is not insignificant. Nevertheless, because all liability-related allegations are deemed true, there is no possibility of a dispute as to material facts. Moreover, defendants failed to appear or present a defense in this matter, and there is no indication that their default was due to excusable neglect. While the court prefers to decide matters on the merits, defendants' failure to participate in this litigation makes that impossible. A default judgment against them is plaintiffs' only recourse. Additionally, as discussed more fully below, the sum of money requested is reasonable in light of plaintiff's claims and evidence.

As noted above, plaintiff seeks judgment in the amount of $62,644.92, which sum includes overtime wages plaintiff says he is owed, plus liquidated damages and penalties. For the reasons discussed below, the court recommends entry of modified judgment of $56,670.90.

### B. Requested Judgment

Plaintiff has the burden to prove damages through testimony or written affidavit. Bd. of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc., 389 F. Supp.2d 1222, 1226 (N.D. Cal. 2005). "An employee seeking to recover unpaid minimum wages or overtime under the FLSA 'has the burden of proving that he performed work for which he was not properly compensated.'" Brock v. Seto, 790 F.2d 1446, 1447-48 (9th Cir. 1986) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946), superceded by statute on other grounds as stated in IBP, Inc. v. Alvarez, 546 U.S. 21 (2005)). Where the employer fails to keep proper and accurate records, an employee carries his burden "'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work *as a matter of a just and reasonable inference*.'" Id. (quoting Mt. Clemens Pottery, 328 U.S. at 687). "The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate 'the reasonableness of the inference to be drawn from the employee's evidence.'" Id. (quoting Mt. Clemens Pottery, 328 U.S. at 688). "If the employer fails to make such a showing, the court 'may then award damages to the employee, *even though the result be only approximate*.'" Id. Thus, the Ninth

5

Circuit has "approved 'approximate[d]' awards where plaintiffs can establish, to an imperfect degree of certainty, that they 'ha[ve] performed work and ha[ve] not been paid in accordance with the [FLSA].'" Alvarez v. IBP, Inc., 339 F.3d 894, 914-15 (9th Cir. 2003) (quoting Brock, 790 F.2d at 1448)).

Here, Rosas has submitted a copy of a single paystub showing that he was paid $484.50 on December 31, 2010, as well as a copy of a check from defendant TJK Chang Corporation showing that he was paid $490.00 on February 16, 2012. (Rosas Decl., Exs. A and B). Otherwise plaintiff has only his sworn declaration as to the hours he worked and the payments he received, and defendants' failure to maintain proper records of his pay statements. (Id. ¶ 12). Because defendants have failed to appear in this action, however, plaintiff's evidence stands unrefuted.

Once the employee has shown that he performed work for which he was not paid, "the *fact* of damage is certain. The only uncertainty is the *amount* of damage." Brock, 790 F.2d at 1448 (citing Mt. Clemens Pottery, 328 U.S. at 688, 66 S. Ct. at 1193)).

### 1. Overtime under Cal. Labor Code § 510 and § 1194 and Cal. Bus. & Prof. Code § 17200, et seq.

Under California law, "any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code § 1194(a). "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Id. § 510(a). "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary." Id. § 515(d)(1)). "Payment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary." Id. § 515(d)(2).

Here, plaintiff avers that he was paid $800 twice per month, for a total monthly salary of

6

1  $1600 per month. Multiplying the $1600 monthly payment by twelve months, and dividing the

2  result by 52, yields a weekly salary of $369.23. Dividing $369.23 by 40 hours per week gives an

3  hourly rate of $9.23. Thus, Rosas' overtime rate is $13.85 ($9.23 x 1.5).

4  Plaintiff seeks overtime payments for 186 weeks between April 19, 2009 (four years prior

5  to the filing of the instant action) through November 30, 2012 (when his employment was

6  terminated).[5] Rosas says that he worked 57 hours per week, i.e., 17 hours over a regular 40-hour

7  workweek. (Rosas Decl. ¶ 9). So, multiplying the number of weekly overtime hours by the

8  overtime rate (17 hours x $13.85), the court finds that plaintiff is entitled to $235.45 for each of

9  the 186 weeks in question, for a total overtime payment of $43,793.70.[6]

### 2. Liquidated Damages under FLSA

11  Rosas also seeks liquidated damages under the FLSA. Section 207 of the FLSA prohibits

12  employers from employing any employee "for a workweek longer than forty hours unless such

13  employee receives compensation for his employment in excess of the hours above specified at a

14  rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §

15  207(a)(1). Additionally, any employer who violates Section 207 "shall be liable to the employee

16  or employees affected in the amount of . . . their unpaid overtime compensation," as well as "an

17  additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, the court, in its

18  discretion, need not award liquidated damages if the employer shows, to the satisfaction of the

19  court, that the failure to pay overtime was in good faith and that he had reasonable grounds for

20  believing that the failure was not a violation of the FLSA. Id. § 260.

21  Defendants have not appeared in or defended this action, much less established good faith

---

[5] Because plaintiff's overtime claim is alleged under both Cal. Bus. & Prof. Code § 17200 and Cal. Labor Code § 1194, the court gives him the benefit of the four-year statute of limitations period under the California Unfair Competition law. See Cortez v. Purolator Air Filtration Products Co., 23 Cal.4th 163, 168, 999 P.2d 706, 709 (2000) ("reject[ing] defendant's claim that the shorter periods of limitation applicable to contractual or statutory wage claims govern a UCL action based on failure to pay wages.").

[6] Although plaintiff says that his total overtime pay is $43,781.54, the court believes that his calculation is in error.

7

1  or reasonable grounds for failing to pay overtime to Rosas. Because the court has already awarded
2  unpaid overtime wages, plaintiff is also entitled to liquidated damages. 29 U.S.C. § 216(b).

3  Plaintiff seeks liquidated damages for 134 weeks of work in an amount equal to 50% of his
4  regular pay rate under the FLSA. The FLSA requires the court to calculate an employee's
5  regularly hourly rate by (1) determining plaintiff's weekly salary and then (2) dividing the weekly
6  salary by the total number of hours worked. 29 C.F.R. §§ 778.109; 778.113(b). The regular rate
7  of pay cannot be less than the statutory minimum. 29 C.F.R. § 778.107.

8  The court has already determined that plaintiff earned a weekly salary of $369.23.
9  Dividing $369.23 by the 57 hours plaintiff says he worked each week, yields an hourly rate of
10 $6.48. This rate is below both the state and federal minimum wage. And, at the time of the events
11 in question, California's minimum wage was $8.00,[7] which is higher than the federal standard of
12 $7.25, 29 U.S.C. § 206(a)(1)(C). Accordingly, the court uses $8.00 as Rosas' regular hourly rate.
13 29 U.S.C. § 218; 29 C.F.R. § 778.5. Cf. Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d
14 1409, 1426-27 (9th Cir. 1990) (concluding that the district court erred when it found that plaintiff
15 could not apply California overtime laws that provided greater protection than the FLSA). Rosas
16 seeks 50% of that rate, i.e., $4.00, for each of the 17 hours of overtime he worked each week, for a
17 total of $68 per week. Because he alleges a willful violation of the FLSA (Complaint ¶ 24), a
18 three-year statute of limitations applies. 29 U.S.C. § 255(a). Rosas seeks payment for 134 weeks
19 between April 19, 2010 and November 30, 2012. Multiplying $68 by 134 weeks equals $9,112.00
20 in liquidated damages.[8]

21 **3. Waiting Time Penalties, Cal. Labor Code § 203**

22 Rosas says that when his employment was terminated, he was not paid his overtime wages
23 at all. When an employee is discharged, his final wages "are due and payable immediately." Cal.

---

[7] California's minimum wage has been raised to $9.00; however, that rate did not take effect until July 1, 2014, well after plaintiff's termination. Cal. Labor Code § 1182.12.

[8] The court finds plaintiff's requested liquidated damages of $12,648.00 to be an error.

8

1  Labor Code § 201(a). If an employer willfully fails to timely pay those final wages, then "the
2  wages of the employee shall continue as a penalty from the due date thereof at the same rate until
3  paid or until an action therefor is commenced; but the wages shall not continue for more than 30
4  days." Cal. Labor Code § 203(a). "The 'critical computation' is 'the calculation of a daily wage
5  rate, which can then be multiplied by the number of days of nonpayment, up to 30 days.'" Drumm
6  v. Morningstar, Inc., 695 F. Supp.2d 1014, 1018-19 (N.D. Cal. 2010) (quoting Mamika v. Barca,
7  68 Cal. App.4th 487, 493, 80 Cal. Rptr.2d 175 (1998)). "'Wages' include 'all amounts for labor
8  performed by employees of every description, whether the amount is fixed or ascertained by the
9  standard of time, task, piece, commission basis, or other method of calculation.'" Id. (quoting Cal.
10 Lab.Code § 200(a)). Rosas is entitled to waiting time penalties in the amount $2,215.20 ($9.23 x
11 8 hours x 30 days).[9]

### 4. Penalty for Failure to Provide Itemized Wage Statements, Cal. Labor Code § 226

Under California law, employers are required to provide employees with accurate itemized statements of wages that contain certain information, including (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee is paid, and (6) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Cal. Labor Code § 226(a). An employee who suffers an injury as a result of a knowing and intentional failure to provide wage statements with the statutorily mandated information "is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Id. § 226(e)(1). Additionally, the injured employee is entitled to an award of costs and reasonable attorney's fees and injunctive relief. Id. §§ 226(e)(1), 226(h).

Section 226 was amended in 2013 to provide that "[a]n employee is deemed to suffer

---

[9] The court finds plaintiff's requested penalty of $2,215.38 to be an error.

9

1  injury for purposes of this subdivision if the employer fails to provide a wage statement." Cal.
2  Labor Code § 226(e)(2)(A).  Rosas' claims, however, are based on pre-2013 events; and, under the
3  prior version of Section 226, courts held that the deprivation of the statutorily mandated
4  information, standing alone, was not a cognizable injury.  See Price v. Starbucks Corp., 192 Cal.
5  App.4th 1136, 1143, 122 Cal. Rptr.3d 174 (2011).  Here, Rosas alleges that "[a]s a direct result of
6  Defendants' conduct, Plaintiff was provided with inaccurate paystubs."  (Complaint ¶ 35).
7  Nevertheless, a number of courts have held that even under the prior version of Section 226, "the
8  injury requirement should be interpreted as minimal in order to effectuate the purpose of the wage
9  statement statute; if the injury requirement were more than minimal, it would nullify the impact of
10 the requirements of the statute."  Escano v. Kindred Healthcare Operating Co., Inc., No. CV09-
11 04778 DDP (CTx), 2013 WL 816146 at *11 (C.D. Cal., Mar. 5, 2013) (citing cases).

12      In any event, this court finds that even under the prior version of § 226(e), Rosas'
13 allegations are sufficient.  He alleges that during his employment, "Defendants knowingly and
14 intentionally failed to provide Plaintiff with accurate, itemized wage statements in compliance
15 with Labor Code § 226."  (Complaint ¶ 34).  He further alleges that these failures included,
16 "among other things, not accurately showing the rate for overtime hours worked and amount of
17 overtime pay, in each pay period and/or incorrectly reporting gross wages earned."  (Id.).  And, in
18 his declaration, Rosas states that defendants never provided paystubs identifying the hours he
19 worked.  (Rosas Decl. ¶ 14).  See Telles v. Li, No. 5:11-cv-01470 LHK, 2013 WL 5199811 at *8
20 (N.D. Cal., Sept. 16, 2013) (finding similar allegations sufficient under the pre-2013 version of §
21 226(e)).

22     Even so, plaintiff has not convincingly demonstrated that he is entitled to the full statutory
23 damages of $4,000.00.  As discussed above, Section 226(e) authorizes recovery of either actual
24 damages, or statutory damages up to $4,000, as well as injunctive relief.  Singer v. Becton,
25 Dickinson & Co., No. 08cv821 IEG (BLM), 2008 WL 2899825 at *5 (C.D. Cal., July 25, 2008).
26 Claims for actual damages and injunctive relief are subject to a three-year statute of limitations,
27 whereas claims for statutory damages are "penalties" that are subject to a one-year limitations

10

period. Id.

In his complaint, plaintiff conflated actual damages with statutory damages. (See Complaint ¶ 35 ("The Plaintiff is entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each [sic] violation up to $4,000.00.")). And, he continues, to a certain degree, to do so in his motion. (See Mot. at 17). Nevertheless, it appears to this court that he seeks statutory damages of $4,000 as a penalty for defendants' violation of Section 226(a). (See Mot. at 2, 19).

Accordingly, plaintiff may recover statutory damages for the period April 19, 2012 through November 30, 2012, i.e., 16 pay periods. Under Section 226(e), plaintiff is entitled to $50 for the first pay period, plus $100 for each of the remaining pay periods, for a total penalty of $1,550.00.

## ORDER RE REASSIGNMENT AND RECOMMENDATION

Because all parties have yet to consent to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge. Further, it is RECOMMENDED that plaintiff's motion for default judgment be granted and that plaintiff be awarded $56,670.90 as follows:

- California overtime wages:            $43,793.70
- FLSA liquidated damages:              $ 9,112.00
- Cal. Labor Code § 203 penalty:        $ 2,215.20
- Cal. Labor Code § 226 penal ty:       $ 1,550.00

Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   September 29, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

11

5:13-cv-01800-HRL Notice has been electronically mailed to:

James Dal Bon     jdblaw@earthlink.net, jdb@wagedefenders.com, mh@wagedefenders.com

12